UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Kasien Adderley,<br><br>                    Plaintiffs<br><br>         -against-<br><br>The City of New York, Lonnie Brown, John and Jane Does 1 through 3,<br><br>                    -Defendants | ECF CASE<br><br>COMPLAINT AND DEMAND FOR JURY TRIAL<br><br>10 CIV 3968 (RWS) |

### PRELIMINARY STATEMENT

1. This is an action for money damages brought pursuant to the Civil Rights Act of 1871 and 42 U.S.C. §1983 for the defendants' commissions of acts under color of law in violation of plaintiff's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States.

### JURISDICTION

2. This action arises under the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. §§ 1983 and 1988.

3. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1343(3) and (4).

### VENUE

4. Venue is proper pursuant to 28 U.S.C. § 1391 (b) in that, *inter alia*, the events giving rise to the claim occurred in the Southern District of New York.

### JURY DEMAND

5. The Plaintiff demand a trial by jury on each and every one of their claims as pled

herein.

## PARTIES

6. Plaintiff KASIEN ADDERLEY is a resident of New York, New York.

7. Defendant THE CITY OF NEW YORK (the "City") is a municipal corporation within the State of New York.

8. The New York City Police Department (the "NYPD") is the department of the City responsible for, among other functions, arresting persons for offenses and maintaining custody over such persons prior to their initial appearance in court. At all times relevant hereto, the NYPD, together with the City, was responsible for the policy, practice, supervision, implementation, and conduct of all NYPD matters and was responsible for the appointment, training, supervision, and conduct of all NYPD personnel. In addition, at all relevant times, the NYPD, together with the City, was responsible for enforcing the rules of the NYPD, and for ensuring that NYPD personnel obeyed the Constitutions and laws of the United States and of the State of New York.

9. At all relevant times herein, defendant Lonnie Brown ("Officer Brown") was a police officer employed by the NYPD and was acting in the capacity of agent, servant, and employee of the City.

10. At all relevant times herein, Officer Brown was stationed at the NYPD's 28th Precinct.

11. At all relevant times herein, Officer Brown's shield number was 8637.

12. At all relevant times herein, defendants JOHN AND JANE DOES 1 through 3 (together with Officer Brown, the "defendant officers") were police officers employed by the NYPD and each was acting in the capacity of agent, servant, and employee of the City.

13. Plaintiff is unable to determine the actual names of John and Jane Does 1 through 3 at this time and thus sues them under fictitious names.

14. At all times relevant herein, the individual defendants were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of the City and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. The individual defendants were acting for and on behalf of the City of New York at all times relevant herein with the power and authority vested in them as officers, agents and employees of the City of New York and incidental to the lawful pursuit of their duties as officers, agents and employees of the City of New York.

15. The defendant officers are sued in their individual capacities.

## STATEMENT OF FACTS

16. At about three o'clock on the afternoon of January 15, 2010, plaintiff Kasien Adderley was walking uptown on Seventh Avenue in Manhattan, going from his home on West 111th Street to pick up his son on West 121st Street.

17. When he got to approximately West 114th Street and Seventh Avenue, three or four NYPD police officers, the defendant officers herein, got out of a van and ran up to Mr. Adderley with their guns drawn.

18. The defendant officers placed Mr. Adderley against a wall and searched him by reaching in to his pockets. The defendant officers did not find any contraband on Mr. Adderley.

19. That notwithstanding, the defendant officers arrested Mr. Adderely by handcuffing him behind his back and placing him in the waiting van.

20. The defendant officers drove Mr. Adderley around in van for a few hours, when they

apparently made other arrests, until they finally brought Mr. Adderely to the NYPD's 28th Precinct.

21. At the precinct, two of the defendant officers, including Officer Brown, placed Mr. Adderly in a holding cell where they ordered him strip naked. Mr. Adderley first refused but then complied upon being told that the officers would "make this tough" on him if he did not.

22. As ordered and directed by the officers, Mr. Adderley removed all his clothing, lifted his arms, opened his mouth, squat and lifted his buttocks apart and then lifted up his genitals as the officers watched.

23. After finding nothing illegal on Mr. Adderley's person, the officers released him.

24. The NYPD has a formal policy, contained in its Patrol Guide, by which it authorizes strip searches only in situations where "the arresting officer reasonably suspects that weapons, contraband, or evidence may be concealed upon the person or in the clothing in such a manner that they may not be discovered by the previous search methods. Other factors that should be considered in determining the necessity for a strip search include, the nature of the crime (serious violent felony), arrest circumstances, subject's reputation (extremely violent person), act of violence, and discoveries from previous searches." Additionally, an NYPD directive, limiting and clarifying the strip search policy, was issued on May 13, 2004.

25. This notwithstanding, on information and belief, the NYPD has, and had at the time of the incident giving rise to this Compliant, a *de facto* policy and practice of strip-searching persons for reasons other than those specified in the Patrol Guide or NYPD directives.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### 42 U.S.C. § 1983 Against the Individual Defendants

26. All other paragraphs herein are incorporated by reference as though fully set forth.

27. By arresting and strip searching plaintiff, the defendant officers engaged under color of law in the violation of their rights under the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983 to, *inter alia*, be free from unreasonable searches and seizures and false arrest and imprisonment.

### SECOND CAUSE OF ACTION
### 42 U.S.C. § 1983 Against the City of New York

28. All other paragraphs herein are incorporated by reference as though fully set forth.

29. Municipal liability for the violations of plaintiff's Fourth and Fourteenth Amendment rights rests upon the grounds set forth below.

30. At all times material to this complaint, the defendant City, acting through the NYPD and the individual defendants, had *de facto* policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

31. At all times material to this complaint, the defendant City, acting through the NYPD and the individual defendants, had *de facto* policies, practices, customs and usages of failing to properly train, screen, supervise or discipline employees and police officers, and of failing to inform the individual defendants' supervisors of their need to train, screen, supervise or discipline said defendants.

WHEREFORE, the plaintiff requests that this Court:

1. Assume jurisdiction over this matter;

2. Award compensatory and punitive damages to plaintiff against the defendants;

3. Award plaintiff reasonable costs, disbursements and attorney's fees; and

4. Grant any other relief the court deems appropriate.

Dated:  New York, New York
       May 11, 2010

Respectfully submitted,

Darius Wadia, L.L.C.

/s/
_____
By:  Darius Wadia (Bar number DW8679)
Attorney for Plaintiff
233 Broadway, Suite 2208
New York, New York  10279
dwadia@wadialaw.com