UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

KASIEN ADDERLEY,

                                  Plaintiff,

      -against-

THE CITY OF NEW YORK, LONNIE BROWN, JOHN AND JANE DOES 1 THROUGH 3,

                                Defendants.

------------------------------------------------------------------------ x

**ANSWER**

Jury Trial Demanded

10 Civ. 3968 (RWS)

        Defendants City of New York and Police Officer Lonnie Brown, by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the complaint, respectfully allege, upon information and belief, as follows:

        1.     Deny the allegations set forth in paragraph "1" of the complaint, except admit that plaintiff purports to proceed as stated therein.

        2.     Deny the allegations set forth in paragraph "2" of the complaint, except admit that plaintiff purports to proceed as stated therein.

        3.     Deny the allegations set forth in paragraph "3" of the complaint, except admit that plaintiff purports to invoke the jurisdiction of this Court as stated therein.

        4.     Deny the allegations set forth in paragraph "4" of the complaint, except admit that plaintiff purports to base venue as stated therein.

        5.     Paragraph "5" of the complaint sets forth a demand for a jury trial, rather than any averments of fact, and accordingly no response is required.

        6.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the complaint.

7. Admit the allegations set forth in paragraph "7" of the complaint,

8. Deny the allegations set forth in paragraph "8" of the complaint, except admit that the New York City Police Department ("NYPD") is an agency of the City of New York, and respectfully refer the Court to the New York City Charter and Administrative Code for a recitation of the duties and functions of the NYPD and the relationship between the NYPD and the City of New York.

9. Deny the allegations set forth in paragraph "9" of the complaint, except admit that defendant Lonnie Brown is employed by the City of New York as a police officer, and state that the allegation that defendant Brown was "acting in the capacity of agent, servant, and employee of the City" is a conclusion of law, rather than an averment of fact, and accordingly no response is required.

10. Deny the allegations set forth in paragraph "10" of the complaint, except admit that defendant Brown was assigned to the 28th precinct on or about January 15, 2010.

11. Admit the allegations set forth in paragraph "11" of the complaint.

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the complaint, and state that the allegations that "John and Jane Does 1 through 3" were "acting in the capacity of agent, servant, and employee of the City" is a conclusion of law, rather than an averment of fact, and accordingly no response is required.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the complaint, except admit that plaintiff purports to proceed as stated therein.

14. Paragraph "14" of the complaint sets forth conclusions of law, rather than averments of fact, and accordingly no response is required.

15. Deny the allegations set forth in paragraph "15" of the complaint, except admit that plaintiff purports to proceed as stated therein.

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the complaint.

17. Deny the allegations set forth in paragraph "17" of the complaint, except deny knowledge or information sufficient to form a belief as to the allegations concerning the conduct of unidentified officers on January 15, 2010.

18. Deny the allegations set forth in paragraph "18" of the complaint, except deny knowledge or information sufficient to form a belief as to the allegations concerning the conduct of unidentified officers on January 15, 2010.

19. Deny the allegations set forth in paragraph "19" of the complaint, except deny knowledge or information sufficient to form a belief as to the allegations concerning the conduct of unidentified officers on January 15, 2010.

20. Deny the allegations set forth in paragraph "20" of the complaint, except deny knowledge or information sufficient to form a belief as to the allegations concerning the conduct of unidentified officers on January 15, 2010.

21. Deny the allegations set forth in paragraph "21" of the complaint, except deny knowledge or information sufficient to form a belief as to the allegations concerning the conduct of unidentified officers on January 15, 2010.

22. Deny the allegations set forth in paragraph "22" of the complaint, except deny knowledge or information sufficient to form a belief as to the allegations concerning the conduct of unidentified officers on January 15, 2010.

23. Deny the allegations set forth in paragraph "23" of the complaint, except deny knowledge or information sufficient to form a belief as to the allegations concerning the conduct of unidentified officers on January 15, 2010.

24. Deny the allegations set forth in paragraph "24" of the complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning a May 13, 2004 directive, admit that there is a provision in the NYPD Patrol Guide relating to strip searches, and respectfully refer the Court to that document for a recitation of its contents.

25. Deny the allegations set forth in paragraph "29" of the complaint.

26. In response to the allegations set forth in paragraph "26" of the complaint, defendants repeat and reallege paragraphs "1" through "25" of this answer as if fully set forth herein.

27. Deny the allegations set forth in paragraph "27" of the complaint.

28. In response to the allegations set forth in paragraph "28" of the complaint, defendants repeat and reallege paragraphs "1" through "27" of this answer as if fully set forth herein.

29. Deny the allegations set forth in paragraph "29" of the complaint, except admit that plaintiffs purport to proceed as stated therein.

30. Deny the allegations set forth in paragraph "30" of the complaint.

31. Deny the allegations set forth in paragraph "31" of the complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

36. The complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

37. At all times relevant to the acts alleged in the complaint, defendant City of New York, its agents and officials, acted reasonably and properly in the lawful exercise of their discretion. Therefore, they are entitled to governmental immunity from liability.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

38. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor have defendants violated any Act of Congress providing for the protection of civil rights.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

39. The plaintiff cannot obtain punitive damages as against the City of New York.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

40. Defendant Brown has not violated any clearly established constitutional or statutory rights of which a reasonable person would have known and therefore is protected by qualified immunity.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

41. There was probable cause for the plaintiff's arrest, detention and prosecution.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

42. To the extent the complaint sets forth any state law claims, they may be barred for failure to comply with NY Gen. Mun L. §§ 50-e and 50-i.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

43. There was reasonable suspicion and/or probable cause for any search.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

44. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or the intervening conduct of third parties, and was not the proximate result of any act of the defendants.

**WHEREFORE,** defendants request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:   New York, New York
         August 13, 2010

                               MICHAEL A. CARDOZO
                               Corporation Counsel of the
                                  City of New York
                               Attorneys for Defendants
                               100 Church Street, Room 3-137
                               New York, New York 10007
                               (212) 676-1347

                     By:      s/
                               Matthew Weir
                               Assistant Corporation Counsel
                               Special Federal Litigation Division

TO:   Darius Wadia, Esq. (Via E.C.F.)
      Attorney for Plaintiff
      233 Broadway, Suite 2208
      New York, NY 10279

Index No.10 Civ. 3968 (RWS)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

KASIEN ADDERLEY,

                                                   Plaintiff,

                        -against-

CITY OF NEW YORK, *et al.*,

                                                   Defendants.

**ANSWER TO COMPLAINT**

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, New York  10007*

*Of Counsel:  Matthew Weir*
*Tel:  (212) 676-1347*
*NYCLIS No.*

*Due and timely service is hereby admitted.*

*New York, N.Y. ........................................................................, 200 ..*

*................................................................................................ Esq.*

*Attorney for ............................................................................................*