

MICHAEL A. CARDOZO
*Corporation Counsel*

THE CITY OF NEW YORK
# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

MATTHEW WEIR
*Assistant Corporation Counsel*
(212) 676-1347
(212) 788-9776 (fax)
mweir@law.nyc.gov

March 17, 2011

*So ordered*
*Reese TwSbT*
*3-18-11*

RECEIVED
MAR 18 2011
JUDGE SWEET CHAMBERS

**BY FAX**
Honorable Robert W. Sweet
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:  Kasien Adderley v. City of New York, et al.
      10 Civ. 3968 (RWS)

Your Honor:

      I am an Assistant Corporation Counsel in the office of Michael A. Cardozo, Corporation Counsel of the City of New York, attorney for defendants in the above-referenced matter in which plaintiff has moved to compel defendants to produce disciplinary records of the individual defendants.  For the reasons set forth herein, defendants respectfully request that plaintiff be required to sign defendants' proposed stipulation and protective order, a copy of which is attached hereto, with respect to disclosure of the documents plaintiff seeks.

      By way of background, as set forth in plaintiff's letter motion to compel, plaintiff requested that defendant City of New York:

> Identify and produce any and all records relating to every disciplinary complaint filed against each of the Individual Defendants and any other officer involved in the Incident, whether filed by a civilian or a member of the police department. This request includes, but is not limited to, records of the CCRB and the Internal Affairs Bureau of the NYPD.

Defendants objected to this request, as well as other substantially similar requests by plaintiff, on the grounds that the request was:

> vague, ambiguous, overbroad, not limited in time or scope, . . . seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence . . . [as well as] on the

>grounds that it implicates the privacy interests of non-parties and the parties concerned, to the extent it seeks information concerning allegations of misconduct that were not substantiated or did not result in a finding of misconduct, to the extent it seeks information outside defendant's custody, possession or control, to the extent it is unduly burdensome, to the extent it implicates the law enforcement privilege and to the extent it seeks information that has been sealed pursuant to N.Y. C.P.L §§ 160.50 and/or 160.55.

Given these objections, defendants stated that any disclosure of records relating to prior complaints against the individual defendants would be subject to the following conditions: (1) that the discovery would be limited to closing reports of complaints made in the past ten years, (2) that discovery would be limited to complaints of a similar nature, namely false arrest, or false statements, and (3) that discovery would be subject to an appropriate protective order. Based on conversations with plaintiff's counsel prior to plaintiff's letter motion, and upon review of plaintiff's letter itself, it appears that plaintiff does not dispute the first two conditions proposed, and is merely opposing defendants' request that he enter into a stipulation and protective order.

In the civil lawsuit context, courts generally hold that where police department personnel records are discoverable, they should be treated as confidential under an appropriate protective order. Floyd v. City of New York, 739 F. Supp. 2d 376, 381 (S.D.N.Y. 2010) (ordering disclosure of Internal Affairs records subject to a protective order as a "sensible balance" between plaintiff's purported need for information and the defendants concerns about the sensitivity of such information); Askew v. Rigler, 130 F.R.D. 26, 27 (S.D.N.Y. 1990) (ordering that police personnel records be produced under a confidentiality agreement in order "to assure that the privacy concerns of the defendants are not neglected"); Montalvo v. Hutchinson, 837 F. Supp. 576, 580 (S.D.N.Y. 1993) (recognizing police department's interest in maintaining confidentiality of personnel records; and stating that "an open season for anyone bringing a lawsuit to probe into the entire life history of any member of the department, would quite likely have a chilling effect on recruitment as well as a harmful effect to departmental morale"). At their core, police disciplinary records contain personal and confidential information about the individual police officers involved, as well as those citizens who bring complaints of police conduct. While plaintiff claims in his letter motion that he is entitled to these documents, the case cited in support required disclosure subject to a protective order so that defendant's privacy concerns could be alleviated. See Gibbs v. City of New York, 243 F.R.D. 95, 96 (S.D.N.Y. 2007).

Due to the nature of police personnel records, the New York State Civil Rights Law §50-a requires that police personnel records be considered confidential unless plaintiffs demonstrate a reason why information in the files must be disclosed. King v. Conde, 121 F.R.D. 180, 192 (S.D.N.Y.1988) (citing Matter of Capital Newspapers v. Burns, 67 N.Y.2d 562, 505 N.Y.S.2d 576, 496 N.E.2d 665 (1986)). While this statute is not necessarily binding on a federal court's assessment of the discoverability of such records, § 50-a nevertheless illustrates the strong policy interest inherent in defendants' request that plaintiff stipulate to a protective order in this matter. Additionally, given the operation of § 50(a) in state court proceedings, defendants submit that a protective order is necessary to prevent plaintiff and plaintiff's counsel from circumventing state court discovery limits through discovery in this civil case. Indeed, upon

information and belief, plaintiff is currently facing criminal charges for arrests by the defendant officers. Moreover, plaintiff's counsel has informed the undersigned that he currently represents other criminal defendants who have been arrested by the defendants. Defendants submit that a protective order is necessary to restrict use of the relevant documents to the instant matter, and prevent the use of such documents in criminal proceedings where they would otherwise not be discoverable. Moreover, to the extent that § 50-a might allow for a Criminal Court or Supreme Court judge to consider the discoverability of these documents within plaintiff's pending criminal matter, or the prosecution of any other person, such consideration is properly made within the state court forum. The function of § 50-a, as well as state courts' function in determining the scope of discovery in state criminal cases, state criminal context, would be completely circumvented should defendants be required to disclose these documents without a protective order in place.

For these reasons, defendants respectfully request that plaintiff be required to stipulate to the proposed protective order prior to defendants' disclosure of documents reflecting prior complaints, if any, made against the individually named defendants. I thank the Court for its time and consideration of this request.

Respectfully submitted,

Matthew Weir
Assistant Corporation Counsel
Special Federal Litigation Division

cc: Darius Wadia, Esq., attorney for Plaintiff (via fax)

3